IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| KELLY TAYLOR, | * | |
|---|---|---|
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:10-CV-01796 RDB |
| DELMARVA POWER & LIGHT CO. & PEPCO HOLDINGS, INC., | * | |
| | * | |
| Defendants. | | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Defendant, Pepco Holdings, Inc., ("Pepco") moves to dismiss Plaintiff Kelly Taylor's ("Taylor") complaint alleging that Pepco, through the actions of its subsidiary, Delmarva Power & Light Company ("Delmarva"), discriminated against her on the basis of race. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, Defendant Pepco's Motion to Dismiss (Paper No. 9) is **GRANTED**.

### BACKGROUND

In ruling on a motion to dismiss, "[t]he factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

This is a race-based employment discrimination case. Taylor, an African-American woman who was formerly employed by Delmarva as a power meter reader, is suing Delmarva and Pepco, Delmarva's parent, for intentionally discriminating against her in violation of 42 U.S.C. § 2000e ("Title VII"). Pepco requests that this Court dismiss Taylor's discrimination claims against it on the grounds that it is not Taylor's employer and cannot be held liable for the

actions of its subsidiary, Delmarva. Taylor alleges that this Court should treat Pepco and Delmarva as one entity for purposes of her claim because Pepco exercises complete and absolute control over Delmarva. Taylor points to the following facts to substantiate her claim that Pepco exercises atypical control over Delmarva:

- Pepco exercises "exclusive control" over Delmarva's meter readers;
- Pepco uses the same work force as Delmarva — the work force operates out of both Pepco's headquarters in Washington D.C. and Delmarva's facility in Salisbury, Maryland;
- Taylor applied to Pepco for her job;
- Darria King, the administrator who scheduled Taylor's employment test for obtaining the job, works for Pepco and told Taylor to report to Pepco's "Salisbury location" (also known as the Delmarva Power facility);
- Taylor attended Pepco's orientation;
- During orientation, the compensation package was discussed as a part of Pepco's "compensation and benefits philosophy" (referred to as "Total Value");
- Pepco provided Taylor's benefits;
- Ramona Vela, an employee in human relations, identified herself as an employee of both Pepco and Delmarva in company correspondence; and
- Taylor's wages were paid by "Delmarva Power A PHI [Pepco] Company."

These are the only facts relevant to determining Pepco's motion.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) mandates that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *Edwards*, 178 F.3d at 243.

The plausibility standard governs whether a complaint survives a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* On the one hand, the plausibility standard requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id.* On the other hand, the plausibility standard does not require a fact-intensive complaint satisfying a heightened probability standard. *Id.* In striking this balance, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* See also *Nemet Chevrolet, Ltd. v. Consumeraffairs.com*, 591 F.3d 250, 255 (4th Cir. 2009) ("[W]e also conclude from the analysis in *Iqbal* that legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes.").

Courts assume that well-pleaded factual allegations contained in the complaint are true "even if [they are] doubtful in fact," but courts do not give legal conclusions similar judicial deference. See *Twombly*, 550 U.S. at 570 (stating that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'") (internal citations omitted).

## ANALYSIS

The issue in this case is whether Taylor has alleged facts sufficient to plausibly establish that she can hold Pepco, a corporate parent, liable as her "employer" under Title VII for the allegedly racially discriminatory conduct of its corporate subsidiary, Delmarva. This Court holds that she has not.

Under Title VII, the typical predicate to liability is a direct employment relationship between the plaintiff and the defendant. See *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 442 (4th Cir. 1999). The ambiguity surrounding the term "employer," however, has caused courts to design tests that permit a plaintiff to hold a defendant liable for civil rights violations even when the defendant does not directly employ the plaintiff. *See id.* Specifically, and particularly

3

relevant to this case, a parent company can be an "employer" for Title VII purposes if the parent "control[s] the employment practices and decisions of the subsidiary" or "so dominate[s] the subsidiary's operations that the parent and the subsidiary are one entity and thus one employer." *Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 981 (4th Cir. 1987). Though not dispositive, the U.S. Court of Appeals for the Fourth Circuit has articulated that the following four factors are relevant for assessing the degree of a parent's control over its subsidiary: "(1) the interrelation of operations[,] (2) centralized control of labor relations[,] (3) common management[,] and (4) common ownership of financial control." *Johnson*, 814 F.2d at 981, n. 1 (internal citations omitted). The touchstone of both inquiries is substantial parental domination of the subsidiary. *Id.*

In establishing that this Court should treat the parent company as an "employer," Taylor must overcome the "strong presumption" of limited liability. *Id.* at 981. This "strong presumption" reflects the acknowledgment that limited liability provides a stable and predictable business environment, thereby encouraging shareholder investment by eliminating the risk of direct liability. *Id.* at 980. *See also* Robert J. Rhee, *Fiduciary Exemption for Public Necessity: Shareholder Profit, Public Good, and the Hobson's Choice During a National Crisis*, 17 GEO. MASON L. REV. 661, 725 (2010) (observing that limited liability "decreases the cost of monitoring managers and other shareholders, increases the liquidity of shares, promotes diversification, and incentivizes managers to pursue positive net present value projects.") (internal citation omitted). Due to the importance of this enduring policy, courts generally refuse to treat a corporate parent and its subsidiary as one entity. *See Johnson*, 814 F.2d at 980–81.

Here, Taylor alleges that Pepco both controls Delmarva's employment decisions *and* completely dominates Delmarva to such a degree that the two corporations are one employer. In

4

response, Pepco argues that Taylor has pleaded no facts sufficient to plausibly establish either exception to the presumption of limited liability.

A. Pepco's Control of Delmarva's Employment Decisions

Taylor alleges that this Court should treat Delmarva and Pepco as one employer because Pepco "controls the employment practices and decisions of Delmarva." Am. Compl. ¶ 5. As the Fourth Circuit explained in *Johnson*, the types of facts relevant to this inquiry are whether the parent "hired and fired the subsidiary employees, routinely shifted them between the two companies, and supervised their daily operations." 814 F.2d at 981.

Taylor fails to plead facts sufficient to establish that Pepco exercises so much control over Delmarva's employment practices that they should be treated as one employer. There are no facts suggesting that Pepco "fired, promoted, paid, transferred, or supervised" either Taylor or any Delmarva employee. *See id.* at 982 (affirming summary judgment in favor of the defendant parent corporation when plaintiff failed to establish that parent controlled any subsidiary employee). *Id.* at 982. There are no facts plausibly suggesting that Pepco exercised control over Delmarva's daily employment operations. At best, Taylor's facts are scattered data points suggesting Pepco's either occasional, limited control over employment decisions, like orientation for new employees or processing of prospective employee applications, or its oversight over discrete employment topics, like the corporate philosophy driving compensation packages. Pepco's provision of Taylor's benefits suggests the rare disregard of corporate formality in the employment context, but that fact does not resemble the salient factors of centralized control over labor, common management, or common financial control. Evidence of Pepco's "excessive control" is necessary for Taylor to overcome the "strong presumption" of limited liability, and Taylor's allegations do not suggest such a level of control. *Id.* at 981.

B. Pepco and Delmarva as One Entity

Taylor further argues that Pepco dominates Delmarva's operations to the extent that this Court should treat them as one entity. Am. Compl. ¶ 5. For this analysis, the Fourth Circuit looks to whether the subsidiary is "highly integrated with the parent's business operations." *Johnson*, 814 F.2d at 982. *See also Thomas v. BET Sound-Stage Restaurant/Brettco, Inc.*, 61 F. Supp. 2d 448, 456 (D. Md. 1999) (characterizing this as the "integrated enterprise" theory). Mirroring a "piercing the corporate veil" analysis in the corporate law context, courts look to whether the parent commingled funds and/or assets with the subsidiary, uses the same work force or business offices as the subsidiary, and keeps the subsidiary undercapitalized. *Johnson*, 814 F.2d at 982.

Taylor again fails to plead facts sufficient to establish that Pepco exercises complete domination over Delmarva such that this Court should treat them as one entity. There is no allegation of fund or asset commingling or Delmarva's undercapitalization. There is no allegation Pepco filing a joint tax return with Delmarva, failing to keep separate books or hold separate shareholder meetings from Delmarva, or exercising daily, supervisory control over Delmarva. *See Thomas*, 61 F. Supp. 2d at 456. Taylor vaguely alleges that the work force operates out of both Pepco's offices in Washington D.C. and Delmarva's facility in Salisbury, but does not specify a degree of overlap plausibly establishing a unity of the corporate entities. Similarly, Taylor's identification of one human resources employee representing herself as an employee of both Pepco and Delmarva is not enough to establish the type of extreme control that would give this Court the basis to flout limited liability's presumption of distinct corporate identities. Finally, Taylor does not substantiate her remaining allegation — that Pepco exercises "exclusive control" over the meter readers — with any factual background or support. Thus, this

6

Court finds that Taylor's complaint fails to plead facts sufficient to plausibly establish that this Court should treat Pepco and Delmarva as one entity for purposes of Title VII.

## CONCLUSION

For the reasons stated above, Defendant Pepco's Motion to Dismiss (Paper No. 9) is GRANTED.

A separate Order follows.

Dated: March 7, 2011                                    /s/
                                                    Richard D. Bennett
                                                    United States District Judge